1   James Cai, SBN 200189
2   SAC ATTORNEYS LLP
    1754 Technology Drive, Suite 122
3   San Jose, California 95110
    Telephone:  (408) 436-0789
4   Facsimile:  (408) 436-0758

5   Attorney Specially Appearing for Defendants Gameest International Network Sales Co.
    and Weiwei Chu, appearing in limited scope

6

7                   UNITED STATES DISTRICT COURT

8                 NORTHERN DISTRICT OF CALIFORNIA

9                        SAN JOSE DIVISION

10

11  Microsoft Corporation,                    )
                                              )   Case NO: 5:17-cv-2883
12                        Plaintiff,          )
                                              )   DEFENDANTS' MEMORANDUM OF
13  v.                                        )   POINTS AND AUTHORITIES IN
                                              )   SUPPORT OF MOTION TO DISMISS
14  Gameest International Network Sales Co.    )   FOR DEFECTS IN SERVICE OF
    and Weiwei Chu; and DOES 1-20,            )   PROCESS
15                                            )
                                              )   SPECIAL APPEARANCE
16                        Defendants.         )
                                              )   Hearing Date: October 5, 2017
17                                            )   Time:          1:30pm
                                              )   Court Room:   8
18                                            )   Judge:         Hon. Lucy H. Koh
                                              )
19                                            )
                                              )
20                                            )
                                              )
21                                            )

22  _____

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  STATEMENT OF FACTS

MICROSOFT CORPORATION (hereafter "Plaintiff") filed an original action for Damages and Equitable Relief on May 19, 2017.

Plaintiff allegedly served Gameest International Network Sales Co. ("Gameest") and Weiwei Chu (collectively, "Defendants") by E-mail on May 26, 2017.

Gameest is DBA of Weiwei Chu. Both Defendants share the same address as their usual place of business. (Declaration of Weiwei Chu in Support of Defendants' Motion to Dismiss for Defects in Service of Process, ¶3, "Decl. Chu"). Defendants' contact information is readily available on the website of www.igsky.com, which is affiliated with Gameest. Defendant Weiwei Chu is and has been a resident of China at all times during the pendency of this litigation. Mr. Weiwei Chu works, resides and is a citizen of China. (Decl. Chu, ¶4). He does not work or live in the United States.

### II.  A DEFENDANT MAY FILE A MOTION TO DISMISS WHEN THE COURT LACKS JURISDICTION OVER THE DEFENDANT.

Federal Rule of Civil Procedure 12(b)(5) permits dismissal of an action based on insufficient service of process. "In the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." *(Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.* (C.D.Cal. 2015) 99 F. Supp. 3d 1110, 1127.).

"Defendants living in another country can be served with summons in the same way as persons living in other states. … However, international treaties may limit the manner of service on persons located in signatory countries.  The rules for serving persons in foreign countries are expressly subject to the Hague Service Convention (20 U.S.T. 361

1  – 367)." The Hague Convention requires "serve the documents by a method prescribed by

2  the internal law of the receiving state." (*Volkswagenwerk Aktiengesellschaft v.*

3  *Schlunk* (1988) 486 U.S. 694 [108 S.Ct. 2104, 100 L.Ed.2d 722].). Therefore, "compliance

4  with the Convention is mandatory in all cases to which it applies." *id.* at 734.

5        The service for Defendants in this instant case is defective because it failed to

6  properly serve the Summons and Complaint in compliance with the Hague Convention.

7

8  **III.  THE PLAINTIFF'S SERVICE OF SUMMONS AND COMPLAINT ARE DEFECTIVE BECAUSE DEFENDANT WAS IMPROPERLY SERVED.**

9

10        **A. The Only Applicable Exception for not Following Hague Convention is When**

11  **the Defendant Address is Unknown.**

12        Where the validity of service is challenged by Rule 12 Motion, the burden is on

13  plaintiff to establish the validity of service. (*Norlock v. Garland* (5th Cir. 1985) 768 F.2d

14  654, 655.) Plaintiff normally meets such burden by producing the process server's return of

15  service. The return is generally accepted as *prima facie* evidence that service was effected

16  and of the manner in which it was effected. (*Croy v. Skinner* (N.D.Ga. 1976) 410 F.Supp.

17  117, 120.)

18        As Defendant, Weiwei Chu is and has been a resident of China, the Hague

19  Convention must be followed as US and China are signers of the Hague Convention. The

20  only applicable exception of not applying this Convention is "where the address of the

21  person to be served with the document is not known." (Request for Judicial Notice, Exhibit

22  D, Article 1 of Hague Convention). Plaintiff claims defendants conceal their true physical

23  address and identities. (Request for Judicial Notice, Exhibit B, Memorandum of Points and

24  Authorities in Support of EX Parte Motion, 18:11-12). This claim just does not reflect the

25  truth. Because in the "contact" tab of Defendants' website www.igsky.com has listed

26  multiple channels of contact information, including Skype, live chat, ICQ number:

27  478066993, and email address:buygamegold@yahoo.com. (Decl. Chu, ¶5). Plaintiff has

28

1    different channels to investigate and locate Defendant's physical address. A true and

2    correct copy of this webpage is attached as Exhibit 1.

3    **B. Defendants' Address is Easily Ascertainable through Reasonable Efforts.**

4    Defendants' website lists the following methods to be contacted (see Exhibit 1):

5    Live chat

6    Skype

7    Email:buygamegold@yahoo.com, help@igsky.com

8    ICQ:478066993

9    (https://www.igsky.com/contact.html)

10   Contrary to the facts mentioned above, in the Declaration of Jeremy Beckley, it is

11   alleged that "Microsoft has conducted a diligent investigation into the named Defendants

12   and has been unable to locate a valid physical address for any Defendant." (Request for

13   Judicial Notice, Exhibit C, Declaration of Jeremy Beckley in Support of Microsoft's EX

14   Parte Motion for Expedited Discovery, Temporary Restraining order, and Authorization

15   for Electronic Service of Process, ¶21. "Decl. Beckley"). It is unreasonable that after half a

16   year of investigation, Plaintiff was not able to identify Defendants' physical address.

17   Plaintiff acknowledged in its Complaint that individual Defendant (Weiwei Chu) owns,

18   operate or otherwise control iGSKY (Request for Judicial Notice, Exhibit A, Plaintiff's

19   Complaint for Damages and Equitable Relief, 2:8). Therefore it is reasonable to assume

20   that Weiwei Chu can be located at the same address as Gameest. However, Defendants has

21   never been contacted by Plaintiff regarding the physical address ("Decl. Chu" ¶7).

22   Defendants' contact information can be easily obtained by a simple click of the "contact"

23   tab on Defendants' website. However, Plaintiff did not attempt to locate physical address

24   of Defendants via any of the contact channels listed in the website. Therefore, Plaintiff's

25   allegation of not being able to identify Defendants' address is not true. It is more likely

26   than not Plaintiff was attempting to circumvent Hague Convention by intentionally

27   omitting to make reasonable efforts.

28

**C. As Defendants' Address were Easily Ascertainable, Service by E-mail Fails to Meet the Requirements of Due Process.**

The method of service process must meet the requirement of due process. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."(*Mullane v. Cent. Hanover Bank & Trust Co.* (1950) 339 U.S. 306, 314). When physical address can be easily obtained, it is not proper to assert that service by E-mail satisfies the requirements of due process. In fact, Court "may require a showing by the plaintiff that **reasonable efforts** to serve the defendant have already been made and that the court's intervention will avoid further unduly burdensome or futile attempts at service. (*Williams v. Adver. Sex L.L.C.* (N.D.W.Va. 2005) 231 F.R.D. 483, 486., emphasis added) Plaintiff investigated the matter for about half a year and had made 6 test purchases ("Decl. Beckley", ¶7, ¶16). But why Plaintiff failed to contact Defendants to locate their physical address by utilizing multiple contact channels listed on Defendants' website? Obviously, Plaintiff did not make any reasonable efforts to locate Defendants' physical address as required by law.

Plaintiff also cited the case *Rio Props. v. Rio Int'l Interlink* (9th Cir. 2002) 284 F.3d 1007. to demonstrate service by E-mail is valid in the instant case. However, facts in the instant case are significantly different from the facts in *Rio Pros.* id. In *Rio Pros.*, the Defendant RII structured its business in a way that it could be contacted **only** via its email address. RII listed no easily discoverable street address in the United States or in Costa Rica. Rather, on its website and print media, RII designated its email address as its preferred contact information. RII had neither an office nor a door; it had only a computer

terminal. Unlike *Rio Pros.*, where the court found that the defendant was playing "hide-and-seek" with the federal court by receiving the complaint and summons through its courier and attorney, but refusing to accept service of process—there is no indication that Defendants in this instant case is independently aware of the pendency of this litigation. Defendants never hide their physical address. Defendants provided multiple methods to be reached, including Skype, live chat, ICQ and email. The facts differentiate this instant case from *Rio Pros.*

Last but not least, the Court has also admitted that they were "cognizant of its (service by E-mail) limitations. In most instances, there is no way to confirm receipt of an email message. Limited use of electronic signatures could present problems in complying with the verification requirements of Rule 4(a) and Rule 11." *Rio Pros. supra*, at 1018. Service by E-mail has its limitation and may cause problems. Requirements of Due Process may not be met by E-mail service.

## IV.    COURT ORDER IS IMPROPER AND SHALL BE RELIEVED.

**A.     A Court Order may be Relieved due to Fraud, Misrepresentation or Misconduct.**

Federal Rule of Civil Procedure ("F.R.C.P") 60 (b)(3) states that Court may relieve its final judgment, order or proceeding if such it is obtained by fraud, misrepresentation or misconduct by an opposing party. "Fed. R. Civ. P. 60(b)(3) permits a losing party to move for relief from judgment on the basis of fraud, misrepresentation, or other misconduct of an adverse party." (*De Saracho v. Custom Food Mach., Inc.* (9th Cir. 2000) 206 F.3d 874, 876.). In order to prevail on a 60(b)(3) motion, the moving party must: "(1) prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation or

other misconduct. (2) establish that the conduct complained of prevented the losing party from fully and fairly presenting his case or defense." (*Intel Corp. v. Advanced Micro Devices* (N.D.Cal. Apr. 15, 1993, C-90-20237-WAI) 1993 U.S.Dist.LEXIS 18174, at *10-11.)

In *Intel Corp.,* Plaintiff Intel Corp. failed to produce a document (August 10, 1990 Litigation Reporter) with references to its correct date because of the removal of the pages Bates; further, Intel Corp claims the document was from the third quarter of 1990, when in fact it was from more than a year later. The court ruled such facts "constitute, at a minimum, an **avoidable, accidental omission** which is the equivalent of "misconduct" under Rule 60(b)(3)." "In view of the lack of explanatory testimony, the failure to produce and material alteration are supported by clear and convincing evidence." (*Intel Corp.supra, at* 13., emphasis added)

The facts in this instant case are more egregious than that of *Intel Corp.* As discussed in Part III (B) of this Memorandum, Defendants have provided their contact information on their website, which includes: Skype, live chat, ICQ and email address. Such information has not been changed at least for the last whole year. (Decl. Chu, ¶6). Plaintiff became aware of Defendants' activities in late 2016. (Decl. Beckley, ¶7). Plaintiff claims to conduct diligent investigation and has made at least 6 test purchases through Defendants websites. (Decl. Beckley, ¶16, ¶21). Therefore, Defendants have sufficient grounds to assume that Plaintiff could easily have ascertainable knowledge of Defendants' contact information through the same website.

However, Plaintiff claims it was unable to locate a valid physical address for any Defendant (Decl. Beckley, ¶21). Such claim simply demonstrates that Plaintiff omitted to

make reasonable efforts to locate Defendants physical address. If an **avoidable, accidental omission** constitutes "misconduct", either Plaintiff's **omission** to make a reasonable effort to locate Defendants physical address or Plaintiff's intention to hide the information of Defendants' physical address would certainly constitute "misconduct" under Rule 60(b)(3). And such failure to conduct reasonable efforts is supported by clear and convincing evidence.

Further, in *Intel Corp.,* The Court ruled that "the failure to produce them substantially interfered with AMD's discovery and trial presentation." *Intel Corp.supra, at* 11. Similarly, in the instant case, Plaintiff failed to serve Defendants via the Hague Convention; this would substantially interfere with Defendant's due process right, because without proper service, the Court may have no personal jurisdiction on Defendants.

Finally, in *Intel Corp.*, the Court granted Plaintiff's motion based on F.R.C.P Rule 60(b)(3). Therefore, the Court Order in this instant case shall be relieved based on F.R.C.P. Rule 60(b)(3) also.

**B.     A Court Order May Also be Relieved Due to Mistake, Inadvertence, Surprise, or Excusable Neglect.**

"F.R.C.P" 60 (b)(1) provides alternative grounds to relieve a court order if mistake, inadvertence, surprise, or excusable neglect exist. "Relief under Rule 60(b)(1) is intended to provide relief to a party in only two instances: (1) when a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when a judge has made a substantive mistake of law or fact in the final judgment or order. In evaluating whether relief under Rule 60(b)(1) is appropriate courts consider the following factors: (1) whether the party seeking relief is culpable; (2) whether the party opposing

relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense. Only after a movant has shown a lack of culpability because of mistake, inadvertence, surprise, or excusable neglect, will a court consider whether prejudice to the party opposing relief and whether the movant has a meritorious claim or defense."(*In re Gundrum* (Bankr.S.D.Ohio 2014) 509 B.R. 155, 158.)

As discussed in Part IV (A) of this Memorandum, Plaintiff's representation about not being able to locate Defendants physical address is in opposition of the truth. Relying on this, this court made a substantive mistake of fact in granting the Order without inquiring whether Plaintiff had made reasonable efforts to locate Defendant's physical address. Such mistake is one of the grounds that the Order shall be relieved.

Besides, the facts support Defendants' motion to pass the test quoted above. First, Defendants, as the moving party of this motion, is not culpable of hiding their physical address or any other aspects of service. "A party's conduct is culpable if it "displays either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." (*Amernational Indus. v. Action-Tungsram, Inc.*, 925 F.2d 970, 978 (6th Cir. 1991). Defendants never displayed such intent or reckless disregard.

Second, Plaintiff, as the party opposing the relief, will not be prejudiced, because it is Plaintiff's service that has defects. Serving via the Hague Convention may take longer time, but "Mere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment."(*United Coin Meter Co. v. Seaboard C. Railroad* (6th Cir. 1983) 705 F.2d 839, 845.)

Third, Defendants does have a meritorious claim or defense regarding defective service, because the service shall follow the Hague Convention. Otherwise, this Court has

no personal jurisdiction on Defendants. The test of meritoriousness is not "likelihood of success," but merely whether the claim or defense is "good at law." (*United Coin Meter Co. v. Seaboard C. Railroad* (6th Cir. 1983) 705 F.2d 839.) Defendants' motion request is supported by "F.R.C.P" 60 (b)(1) and case law, it is "good at law".

In summary, the Court Order to Authorize Electronic Service of Process shall be relieved.  Service to Defendants must follow the Hague Convention. The Service and Summons must be quashed and the Motion to Dismiss shall be granted.

## V.    CONCLUSION

Defendant has demonstrated that there are significant legal deficiencies in this case: the Summons and Complaint were improperly served for failure to comply with the Hague Convention. For the foregoing reasons Defendants are entitled to an order granting this Motion to Dismiss for Defects of Service of Process.

Date: June 26, 2017

Respectfully submitted,
SAC ATTORNEYS LLP


/s/ James Cai
James Cai, Esq.
Attorney of Special Appearance for
Defendants Gameest International
Network Sales Co. and Weiwei Chu

# Exhibit 1

- - Black Desert
  - Blade and Soul
  - FIFA 14
  - FIFA 16
  - FIFA 17
  - Mabinogi
  - Maple Story
  - Revelation Online
  - Riders of Icarus
  - Rocket League
  - TERA
  - Trove
  - Wildstar
- F.A.Q
- Sell to us



Welcome to Igsky - world leading MMORPG service company. We provide professional game currency, Power Leveling, accounts, cdkey & item service for many online games.



Home » Contact us

In meeting the demands of game players to buy, sell and trade in-game items, IGSKY provides gamers with fast transactions, 24-hour customer service and guaranteed transactional security. And we always devote our mind to fostering a more enjoyable gaming experience for you .If you have any problem, Please feel free to contact us,and we will provide you the most professional customer support. And it will open for you 24 hours every day.

Email: help@igsky.com

Live chat

Chat: Live Chat

Skype: Add Skype

yahoo: buygamegold@yahoo.com

ICQ: 478066993



Email:help@igsky.com

Add Skype



